UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM E. SHEPARD, JR., :
:
Plaintiff, :
:
v. : CASE No. 8:09-CV-2398-T-27TGW
:
FLORIDA POWER CORP., :
:
Defendant. :
_____ :

## REPORT AND RECOMMENDATION

In this case, plaintiff's former counsel, Peterson & Myers, P.A., has filed a Motion to Adjudicate and Enforce Attorneys' Charging Lien (Doc. 46). The matter was referred to me for a report and recommendation (Doc. 48). The plaintiff has not filed a response to the motion, and the time for doing so has expired (see Doc. 49, p. 9). Because the movant has satisfied the requirements for a charging lien, and the plaintiff does not refute the propriety of such a lien, I recommend that the motion be granted to the extent that a charging lien be approved, but, at this point, the amount of the lien cannot be determined.

I.

The plaintiff, William Shepard, Jr., filed a lawsuit against his former employer, Florida Power Corp., asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, and related state-law claims (Doc. 16). The law firm of Peterson & Myers, P.A., provided legal representation to the plaintiff in this matter until after the settlement of the case.

The terms of Peterson & Myers's legal representation are set forth in a Contract for Representation, executed by the parties in January 2009. The Contract for Representation is a contingency fee agreement, which provides that, if the plaintiff prevails in the action, Peterson & Myers will be paid a reasonable attorney's fee as determined by the court, or a contingency fee amount of up to forty percent of the plaintiff's recovery from the defendant, whichever is greater (Doc. 46-1). The Contract for Representation further states that, if Peterson & Myers withdraw from the case, it is entitled to a reasonable attorney's fee for its services, as determined by the court (id., p. 2). In all events, the attorney's fee is paid by the defendant, or from funds recovered from the defendant (id.).

Peterson & Myers filed this lawsuit on the plaintiff's behalf in November 2009 (see Doc. 1). The case was settled on September 29, 2010, during a court-ordered mediation, at which the plaintiff was represented by Peterson & Myers (see Doc. 37). In the Settlement Agreement, the plaintiff agreed to execute a formal settlement and release agreement, and to dismiss the case, in consideration for an undisclosed sum, as well as actions regarding the plaintiff's employment record (Doc. 41-1). The Settlement Agreement also provided that each party would bear its own costs and attorney's fees (id.).

After the mediator notified the court that the case had settled, the court, on October 1, 2010, entered an Order dismissing the case without prejudice to either party reopening the action within 60 days for good cause (Docs. 37, 38). On October 18, 2010, Peterson & Myers filed a Notice of Claim for Charging Lien (Doc. 39), thereby asserting a claim for an attorney's fee from any recovery obtained by the plaintiff. The plaintiff did not file any objections to the notice. Approximately one week later, Peterson & Myers filed a Motion to Withdraw (Doc. 40) as plaintiff's counsel in this case, which was granted (Doc. 45).

During the 60-day period following dismissal, the parties filed motions seeking further court action. Thus, the defendant filed a Motion to Enforce Mediated Settlement Agreement (Doc. 41) and the plaintiff, after retaining new counsel (Doc. 42), filed a Motion to Set Aside Settlement Agreement (Doc. 43). The plaintiff refused to execute the settlement and release agreement, arguing that Peterson & Myers failed to explain adequately the mediation process, and that Peterson & Myers coerced him into accepting an unfair settlement (id., p. 3).

While these motions were pending before the court, Peterson & Myers filed this Motion to Adjudicate and Enforce Attorneys' Charging Lien (Doc. 46). It asserts that, pursuant to the Contract of Representation, it is entitled to an attorney's fee from the settlement proceeds. The plaintiff requested to file a response to the motion after the court ruled on the motions regarding enforcement of the settlement agreement (Doc. 47, p. 2).

On April 18, 2011, the district court denied the plaintiff's Motion to Set Aside Settlement Agreement, and granted in part the defendant's Motion to Enforce Mediated Settlement Agreement (Doc. 49). The plaintiff was directed to execute within 30 days a settlement and release as

contemplated by the parties' September 29, 2010, mediated settlement agreement, and was warned that a failure to do so will result in the dismissal of his claims with prejudice (id., pp. 8-9). Further, the Order stated that, "[w]ithin **seven (7) days** of the date of this order, Plaintiff shall file a response to Peterson & Myers, P.A.'s Motion to Adjudicate and Enforce Attorneys' Charging Lien (Dkt. 46) in accordance with the requirements of Local Rule 3.01(b)" (id., p. 9)(emphasis in original). The time for responding to Peterson & Myers's Motion to Adjudicate and Enforce Attorneys' Charging Lien has passed without the plaintiff filing a memorandum in opposition to the motion, or a request for additional time to respond.

## II.

"Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held." Gottlieb v. GC Financial Corp., 97 F.Supp.2d 1310, 1311 (S.D. Fla. 1999). The Eleventh Circuit discussed the requirements for a charging lien in In re Washington, 242 F.3d 1320, 1323 (11th Cir. 2001):

> Under Florida law, the equitable right of attorneys to have costs and fees owed for legal services secured by the judgment or recovery in a lawsuit

has been recognized for over a century. <u>Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A.</u> v. <u>Baucom</u>, 428 So.2d 1383, 1384 (Fla. 1983). The equitable mechanism recognized by Florida law for securing this right is an attorney's charging lien. <u>Id</u>. In order for an attorney's charging lien to be imposed, Florida law requires: (1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien. <u>Id</u>. at 1385.

All that is required to perfect a charging lien is timely notice, which is satisfied by the filing of a notice of charging lien, or otherwise pursuing the lien in the original action prior to its termination. <u>Citizens & Peoples Nat'l Bank of Pensacola</u> v. <u>Futch</u>, 650 So.2d 1008, 1015 (Fla. App. 1994). This equitable lien relates back to the commencement of the services rendered by the attorney on behalf of the client and takes effect from that time. <u>Miles</u> v. <u>Katz</u>, 405 So.2d 750, 752 (Fla. App. 1981).

### III.

In its Motion to Adjudicate and Enforce Attorneys' Charging Lien (Doc. 46), Peterson & Myers sets forth facts supporting its contention

that the four requirements for a charging lien have been met. As stated, the plaintiff has not filed a response in opposition to the motion, which indicates that the plaintiff does not dispute Peterson & Myers's entitlement to the requested relief. See Local Rule 3.01(b)(if a party opposes a motion, it "shall file ... a response that includes a memorandum of legal authority in opposition to the request..."); see also Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1371 (M.D.Fla. 2007)(Failure to oppose a motion raises an inference that the party does not object to the motion.).

The first two requirements for a charging lien are "(1) a contract between the attorney and client [and] (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery." In re Washington, supra, 242 F.3d at 1323. The Contract for Representation (Doc. 46-1) clearly satisfies both of these requirements. Thus, the Contract for Representation sets forth in writing the parties' agreement that Peterson & Myers would provide legal representation for the plaintiff regarding employment-related claims against the defendant, and that, if the plaintiff prevails, an "attorney's fee shall be due and payable from [the defendant] or from funds recovered from [the defendant]" (Doc. 46-1, p. 1).

The Contract for Representation also specified that a charging lien may be imposed to recover an attorney's fee and costs (id., p. 2).

Furthermore, Peterson & Myers performed legal services pursuant to this contract between January 2009 and October 2010, including the negotiation of a monetary settlement for the plaintiff. It is entitled to compensation for those services pursuant to the Contract for Representation (Doc. 46-1). See Walia v. Hodgson Russ, LLP, 28 So.3d 987 (Fla. App. 2010)(Florida charging lien attaches to "tangible fruits" of a lawyer's services).

The third requirement for a charging lien is "an attempt by the client to avoid paying or a dispute as to the amount of the fee." In re Washington, supra, 242 F.3d at 1323. Peterson & Myers asserts that the plaintiff's retention of new counsel, and the plaintiff's accusations against Peterson & Myers in the Motion to Set Aside Settlement Agreement, show that the plaintiff disputes the fees owed to it (Doc. 46, p. 4).

In the Motion to Set Aside Settlement Agreement, the plaintiff not only expresses great dissatisfaction with his former counsel's conduct of the mediation, but also accuses former counsel of coercing him into signing

an unfair settlement agreement (Doc. 43). These circumstances suggest that the plaintiff will not agree to pay former counsel a substantial portion of a settlement he believes is too small to begin with. Buttressing this inference is the plaintiff's failure to controvert the assertion that an attorney's fee dispute exists. See Local Rule 3.01(b). Therefore, based on the information presently known to the court, it is reasonable to infer that the plaintiff challenges at least the amount of the attorney's fee, if not entitlement, thereby satisfying the third requirement for a charging lien.

The last requirement is that former counsel give timely notice of a request for a lien. In re Washington, supra, 242 F.3d at 1323. In this regard, "all that is required ... is for the attorney to file the notice of lien or otherwise pursue the lien in the original action prior to its termination." Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 580 (Fla. App. 1993). Peterson & Myers fulfilled this requirement by filing in this case a Notice of Claim for Charging Lien on October 18, 2010 (Doc. 39). This notice was filed before the plaintiff's execution of the formal settlement agreement and disbursement of settlement funds.

It is noted that termination of the original proceeding generally occurs upon settlement or dismissal of the action, Brown v. Vermont Mut. Ins. Co., supra, and Peterson & Myers's Notice of Claim of Charging Lien was filed after the case was dismissed without prejudice based on the settlement (Doc. 38). However, the dismissal Order did not terminate this action because a dispute regarding enforcement of the settlement arose thereafter (Docs. 41, 43). Thus, the plaintiff not only failed to sign the formal settlement and release, but also requested that the settlement be set aside. Therefore, a dispositive issue remained before the court until April 2011, when it ruled on the motions regarding enforcement of the settlement agreement (Doc. 49). Accordingly, the notice of charging lien, filed in October 2010, is timely. See, e.g., Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, supra, 428 So.2d at 1383 (notice of charging lien filed after settlement was timely because the court had yet to resolve a motion to dismiss which implicated the terms of the settlement).

Moreover, Peterson & Myers stated that "[t]he events giving rise to [its] withdrawal did not arise until after the Court had entered its Order

Dismissing Case Without Prejudice on October 1, 2010" (Doc. 46, p. 5). Therefore, prior to that time, there was no apparent need for a charging lien.

Importantly, the plaintiff, despite ample time to do so, has not disputed the timeliness of this notice, and thereby implicitly agrees that it is timely. See Local Rule 3.01(b). Finally, it is noted that the enforcement of this charging lien does not prejudice the defendant, as it was placed on notice of the charging lien prior to disbursement of the settlement funds. See Brown v. Vermont Mut. Ins. Co., supra, 614 So.2d at 580-81 (noting that a lien is chargeable against any person who had notice and knowledge of the notice of charging lien before it paid the proceeds of the settlement). Therefore, the notice of charging lien was timely filed and, concomitantly, the charging lien was properly perfected.

IV.

In sum, Peterson & Myers has demonstrated, without dispute by the plaintiff, satisfaction of the requirements for the imposition of a charging lien. I therefore recommend that Peterson & Myers's Motion to Adjudicate and Enforce Attorneys' Charging Lien (Doc. 46) be granted to the extent that

the court enter an Order approving the charging lien against the settlement proceeds in this case.

However, the amount of the lien cannot be determined at this point. The Motion to Adjudicate and Enforce Attorneys' Charging Lien does not adequately address the amount of the attorney's fee to which the movant is entitled. Peterson & Myers asserts that it is entitled to forty percent of the settlement based on the terms of the Contract for Representation (Doc. 46, p. 2, ¶6). Of course, forty percent of an undisclosed amount is not susceptible of calculation.

In any event, as Peterson & Myers acknowledges, the Contract for Representation provides that, when counsel withdraws from the case, it "shall be entitled to an award of reasonable attorney's fees as may be determined by the court" (id., pp. 1-2, ¶3). However, a reasonable attorney's fee is not necessarily forty percent of the recovery. Ordinarily, a reasonable attorney's fee is determined by the lodestar method of hours of service times a reasonable hourly rate. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). No party has addressed whether that method is appropriate in this case. If it is, Peterson & Myers has

not provided any information to permit the calculation of a reasonable attorney's fee. If it is not, the plaintiff has not provided any justification for a different basis for a reasonable attorney's fee. Furthermore, the plaintiff would be entitled to challenge any claim made by Peterson & Myers regarding the amount of a fee. Thus, further submissions along these lines are necessary before the amount of the lien can be determined.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 12, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).